IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | CASE NO 12-42061 |
| **TRUE BEGINNINGS, LLC,** | § | |
| | § | CHAPTER 7 |
| Debtor. | § | |
| | § | |

**APPLICATION OF CHRISTOPHER J. MOSER, THE CHAPTER 7 TRUSTEE FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF LEWIS BRISBOIS BISGAARD & SMITH, LLP, AS COUNSEL**

**NO HEARING WILL BE CONDUCTED ON THIS APPLICATION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS APPLICATION SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING UNLESS IT DETERMINES THAT AN EVIDENTIARY HEARING IS NOT REQUIRED AND THAT THE COURT'S DECISION WOULD NOT BE SIGNIFICANTLY AIDED BY ORAL ARGUMENT. IF YOU FAIL TO APPEAR AT ANY SCHEDULED HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

Christopher J. Moser, in his capacity as Chapter 7 Trustee of the bankruptcy estate of True Beginnings, LLC ("**Trustee**"), hereby files his *Application of Christopher J. Moser, the Chapter 7 Trustee for Entry of an Order Authorizing the Retention and Employment of Lewis Brisbois Bisgaard & Smith, LLP as Counsel* (the "**Application**"). The facts and circumstances supporting this Application are as set forth herein and in the *Affidavit of William L. Medford* (the "**Medford Affidavit**"), which is incorporated herein by reference. In support of the Application, the Trustee represents as follows:

# I.
# JURISDICTION AND VENUE

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 327 and 328 and Bankruptcy Rules 2014(a).

# II.
# BACKGROUND

3. On August 1, 2012, True Beginnings, LLC filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

4. On December 14, 2012, the Trustee was appointed as Chapter 11 Trustee in the Debtor's case.

5. On December 24, 2014, counsel for Herb Vest, a creditor, filed his Motion to Convert Chapter 11 Case to Chapter 7 ("**Motion to Convert**") (Dkt. #444).

6. On February 10, 2015, the Court entered its Order Granting Motion to Convert Chapter 11 Case to Chapter 7 (Dkt. #448).

7. On February 10, 2015, the Trustee was appointed as Chapter 7 Trustee in the Debtor's case.

8. The Trustee requests authority to employ the law firm of Lewis Brisbois Bisgaard & Smith, LLP ("**LBBS**"), attorneys duly admitted to practice in this Court and licensed to practice in the State of Texas.

## III.
## RELIEF REQUESTED

9. The Trustee desires to retain and employ LBBS as his counsel in this Case, as of June 1, 2015. The Trustee determined that LBBS has the resources and experience necessary to represent him in this Case. LBBS maintains an office for the practice of law in Dallas, Texas, and has experience appearing before courts in this District. In addition, LBBS has substantial experience representing trustees, examiners, debtors, creditors, and committees, and has familiarity with complex cases. Given the nature of this Case, the Trustee believes that retention of LBBS as his counsel is appropriate and necessary. By this Application, the Trustee respectfully requests that this Court enter an Order authorizing the Trustee to employ and retain LBBS as his attorneys, pursuant to Sections 327 and 328.

## IV.
## SCOPE OF EMPLOYMENT

10. The professional services that the Trustee expects that LBBS will be called upon to render include, but shall not be limited to, the following:

   a. consulting with the Trustee's professionals or representatives concerning the administration of this Case;
   b. preparing and reviewing pleadings, motions and correspondence;
   c. appearing at and being involved in proceedings before this Court;
   d. providing legal counsel to the Trustee in his investigation into whether there are grounds to believe that colorable claims for alleged fraudulent transfer and/or preference actions;
   e. providing legal counsel to the Trustee in his investigation into such other matters that the Court may specify by separate order or upon a motion filed by the Trustee;
   f. providing legal counsel to the Trustee in his investigation into the acts, conduct, assets, liabilities, and financial condition of the Debtor, the operation of the Debtor's businesses, and any other matters relevant to this Case;
   g. advising the Trustee with respect to his rights, duties and powers in this Case;
   h. To take such action as is necessary to preserve, protect and collect property of the

        bankruptcy estates;

    i. To prepare on behalf of the Trustee all necessary applications, answers, orders, objections, reports and other legal documents; and

    j. performing such other legal services as may be required under the circumstances of this Case that are deemed to be in the interests of the Trustee in accordance with the Trustee's powers and duties as set forth in the Bankruptcy Code.

11. Subject to this Court's approval of this Application, LBBS has indicated that it is willing to serve as the Trustee's counsel in this Case to perform the services described above.

**A.**    **LBBS Does Not Hold or Represent Any Adverse Interest**

12. As more fully described hereinafter, LBBS maintains a computer client database (the "**Client Database**") containing the names of all of LBBS' current and former clients and, where practical, the known affiliates of those clients. LBBS compared the following names to the Client Database: (a) the Debtor; (b) the Debtor's secured creditors; and (c) all other parties listed on the Debtor's Master Mailing Matrix (collectively, the "Potentially Interested Parties"). LBBS will compare the names of (a) the other professionals in this Case; and (b) any other party-in-interest, as they become known, to the Client Database, and will supplement this Motion and the Medford Affidavit as necessary, following such comparison.

13. This inquiry revealed that none of the Potentially Interested Parties are current LBBS clients. From time to time, LBBS will update and supplement the Medford Affidavit as and when necessary.

14. To the best of the Trustee's knowledge, based upon the Medford Affidavit and except as set forth herein, LBBS (a) does not hold or represent any interest adverse to the Debtor or the Chapter 7 estate, its creditors, or any other party in interest and (b) is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code. The Trustee is aware that LBBS may represent, or may have represented, certain creditors of the Debtor's estate or other parties-in-interest in matters unrelated to the Debtor's or this Case.

15. To the best of the Trustee's knowledge, (a) LBBS' connections with those parties listed as Potentially Interested Parties are disclosed in the Medford Affidavit and (b) the LBBS attorneys and other professionals who will work on this matter are not related to the Bankruptcy Judge presiding over this Case, the United States Trustee for Region 6, or any person employed in the Tyler office of the United States Trustee.

16. LBBS does not represent any of the Debtor's creditors in this Case or in any matter related to this Case. LBBS has represented in the past and/or currently represents certain of the Debtor's creditors or other parties in matters that are unrelated to this Case.

**B.    Compensation**

17. Section 328(a) of the Bankruptcy Code authorizes the employment of a professional person on any reasonable terms and conditions of employment, including on an hourly basis. Subject to this Court's approval and in accordance with Sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and the rules and other procedures that may be fixed by this Court, the Trustee requests that LBBS be compensated on an hourly basis, plus reimbursement of the actual and necessary expenses LBBS incurs, in accordance with the ordinary and customary rates which are in effect on the date the services are rendered, including, but not limited to, photocopies, word processing, courier service, computer assisted research, docket and court filing fees, telecommunications, travel, court reporting charges, and any other incidental costs advanced by the firm specifically for these matters, at the rates commonly charged for such costs to other LBBS clients. In addition, LBBS has advised the Trustee that it intends to seek compensation for all time and expenses associated with its retention as a professional, including the preparation of this Application, the Medford Affidavit, and related documents, as well as any monthly fee statements or interim or final fee applications.

18. LBBS has advised the Trustee that the proposed hourly rates applicable to the principal attorneys listed below (collectively, the "Principal Attorneys") proposed to represent the Trustee are:

| Professional | Rate Per Hour |
|---|---|
| William L. Medford | $375 |

19. Other shareholders and associates will bill at their standard hourly rates which range from $195.00-$285.00 for associates and $300-$450.00 per hour for partners.

20. Other than as set forth above, there is no proposed arrangement to compensate LBBS in connection with its representation of the Trustee.

21. The Application is being submitted within thirty (30) days of the commencement of employment, which was June 1, 2015. As such, Local Rule 2014(d) does not apply.

WHEREFORE, based upon the foregoing, the Trustee respectfully requests that the Court enter an order substantially in the form annexed hereto (a) granting this Application, (b) authorizing the Trustee to retain and employ LBBS in these Cases, and (c) granting such other and further relief as this Court may deem just and proper.

Date: June 25, 2015

        Christopher J. Moser, the Chapter 7 Trustee

        /s/ *Christopher J. Moser*
        Christopher J. Moser, as Chapter 7 Trustee

        Respectfully submitted,

        /s/ *William L. Medford*
        William L. Medford
        Texas State Bar No. 00797060
        Lewis Brisbois Bisgaard & Smith, LLP
        2100 Bryan Street, Suite 2000
        Dallas, Texas  75201
        (214) 722-7100 – Telephone
        214) 722-7111 – Facsimile
        William.Medford@lewisbrisbois.com

        **PROPOSED ATTORNEYS FOR**
        **CHRISTOPHER J. MOSER, THE**
        **CHAPTER 7 TRUSTEE**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served via CM/ECF to those parties receiving electronic notice on June 25, 2015, via regular mail no later than the next business day following filing to those parties on the attached service list. (*The service list is omitted from service copies to avoid unnecessary copying and postage charges.*)

        /s/ *William L. Medford*