## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| TRUE BEGINNINGS, LLC | § | Case No. 12-42061 |
| | § | |
| Debtor. | § | |

### MOTION FOR APPROVAL OF COMPROMISE AND SETTLEMENT
### PURSUANT TO BANKRUPTCY RULE 9019

> **NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION.  IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AND ORDER GRANTING THE RELIEF SOUGHT.  IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING.  IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN.  THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MANNER.**

**TO THE HONORABLE BRENDA T. RHOADES, CHIEF U.S. BANKRUPTCY JUDGE:**

Christopher J. Moser, in his capacity as Chapter 7 trustee of the bankruptcy estate of True Beginnings, LLC ("Trustee") files this *Motion for Approval of Compromise and Settlement Pursuant to Bankruptcy Rule 9019* (the "Motion"), and in support thereof, respectfully states as follows:

### JURISDICTION AND VENUE

1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## FACTUAL BACKGROUND

A. ***The Debtor's Bankruptcy Case***

2. On August 1, 2012, True Beginnings, LLC (the "Debtor") filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

3. On December 14, 2012, the Trustee was appointed as Chapter 11 Trustee in the Debtor's bankruptcy case.

4. On January 14, 2014, the Debtor filed its Second Amended Chapter 11 Plan (the "Plan"). An Order confirming the Plan was entered that same day (the "Confirmation Order").

5. On December 24, 2014, counsel for Herb Vest, a creditor, filed his Motion to Convert Chapter 11 Case to Chapter 7 (the "Motion to Convert").

6. On February 10, 2015, the Court entered its Order Granting Motion to Convert.

7. On February 10, 2015, the Trustee was appointed as Chapter 7 Trustee in the Debtor's case.

B. ***The Debtor's Agreement with SoftLayer Technologies, Inc.***

8. On October 4, 2012, SoftLayer Technologies, Inc. ("SoftLayer") and the Debtor entered into a Master Co-Location Services Agreement (the "Co-Lo Agreement"). Under the Co-Lo Agreement, SoftLayer provided a license to the Debtor of certain physical space within a datacenter, along with certain services appurtenant to such space.

9. During the course of the Debtor's bankruptcy case, the Debtor continually fell behind on its payments owing to SoftLayer under the Co-Lo Agreement. At the time the Plan was confirmed, the Debtor was current on its payments under the Co-Lo Agreement, but shortly after the Confirmation Order was entered, the Debtor again defaulted on its payment obligations. As a result, SoftLayer terminated the Co-Lo Agreement in January 2015.

10. On March 26, 2015, the Trustee requested that SoftLayer turn over to the Trustee

all of the equipment the Debtor had placed on site at SoftLayer's datacenter. SoftLayer informed the Trustee that SoftLayer had rights to ownership over the Debtor's equipment based on the Debtor's defaults under the Co-Lo Agreement.

11. Following several discussions, the Trustee and SoftLayer reached an agreement concerning the turnover of the equipment to the Trustee (the "Settlement").

## THE SETTLEMENT AGREEMENT

12. The terms of the Settlement are as follows:

(i) SoftLayer shall turnover to the Trustee all of the Debtor's equipment currently held at SoftLayer's datacenter located at 1333 N. Stemmons FWY Dallas TX 75207 (the "Equipment"), such Equipment to be removed by the Trustee on or before July 31, 2015. SoftLayer shall provide the Trustee with reasonable access to SoftLayer's datacenter to accommodate the Equipment removal.

(ii) In consideration for the turnover of the Equipment, the Trustee releases and forever discharges SoftLayer and each of its predecessors, successors, assigns, officers, directors, employees, agents, attorneys and affiliates from any and all claims arising out of or relating to the Equipment, the Co-Lo Agreement (and related agreements), and the Debtor's Chapter 11 and Chapter 7 bankruptcy cases, of whatever kind and nature, known or unknown, common law or statutory, that the Trustee may have or claim to have against SoftLayer and/or its predecessors, successors, assigns, officers, directors, employees, agents, attorneys and affiliates.

(iii) If the Trustee fails to remove the Equipment on or before July 31, 2015, the Trustee shall be deemed to have abandoned the Equipment, and SoftLayer may sell or otherwise dispose of the Equipment in the ordinary course of SoftLayer's business.

## RELIEF REQUESTED

13. By this Motion, the Trustee respectfully requests entry of an order pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure approving the terms of the Settlement in its entirety.

## GROUNDS FOR RELIEF

14. Bankruptcy Courts are empowered to approve a compromise settlement of a

debtor's claim pursuant to Bankruptcy Rule 9019(a).[1]  Bankruptcy Rule 9019(a) provides, in relevant part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise and settlement."[2]  Thus, this Court is expressly empowered to enter an order approving the Agreement in its entirety.[3]

15.    The decision to approve or deny a compromise or settlement involving a bankruptcy estate is within the sound discretion of the Court.[4]  In exercising its discretion, the Court must make an independent determination as to whether the settlement "is fair and equitable and in the best interest of the estate."[5]  In considering whether the Settlement is fair and equitable and in the best interest of the Debtor's estate, the Court should consider the following factors:[6]

> (i)   the probability of success in the litigation, with due consideration for the uncertainty in fact and law;
>
> (ii)  the complexity and likely duration of the litigation and any attendant expense, inconvenience and delay; and
>
> (iii) all other factors bearing on the wisdom of the compromise, including (a) the best interests of the creditors, and (b) the extent to which the settlement is truly the product of arms-length bargaining.

Applying the above-mentioned factors in this case shows that the Settlement is, in fact, fair and equitable and in the best interests of the bankruptcy estate.

---

[1] Fed. R. Bankr .P. 9019(a); *Official Committee of Unsecured Creditors v. Cajun Elec. Power Co-Op, Inc. (In re Cajun Elec. Power Co-Op, Inc.)*, 119 F.3d 349, 355 (5th Cir. 1997); *Connecticut Gen. Life Ins. Co. v. United Cos. Fin. Corp. (In re Foster Mortgage Corp.),* 68 F.3d 914, 917 (5th Cir. 1995).

[2] Fed. R. Bankr. P. 9019(a).

[3] *See Cajun Electric,* 119 F.3d at 355*; Foster Mortgage*, 68 F.3d at 917.

[4] *Watts v. Williams (In re Watts)*, 154 B.R. 56, 59 (Bankr. S.D. Tex. 1993); *In re Drexel Burnham Lambert Group, Inc.*, 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991).

[5] *Cajun Electric,* 119 F.3d at 355 (citing *Foster Mortgage,* 68 F.3d at 917).

[6] *See Id.*, 119 F3d at 356; *Foster Mortgage*, 68 F.3d at 917.

16. The above criteria support the approval of the proposed Settlement. The Trustee has sought the turnover of the Equipment from SoftLayer. SoftLayer, in turn, has asserted that it may have ownership rights to the Equipment based on the remedies available to SoftLayer under the terms of the Co-Lo Agreement. Rather than litigating the terms of the Co-Lo Agreement, SoftLayer has agreed to turnover the Equipment to the Trustee in exchange for a general release of all claims. The Trustee is not aware of any claims that exist against SoftLayer so the Trustee is willing to provide SoftLayer a general release in exchange for the turnover of the Equipment. The Trustee carefully considered the risks and uncertainties of litigating the terms of the Co-Lo Agreement with SoftLayer, as well as the costs and delays associated with litigation, and concluded that it is in the best interest of the creditors and the Debtor's estate to settle the dispute on the terms described herein. Given these facts, the interests of the Debtor's estate and its creditors are best served by agreeing to the Settlement.

17. The proposed Settlement was negotiated in good faith, and the Trustee is satisfied that the Settlement is in the best interests of the Debtor's estate and its creditors.

## **PRAYER**

**Wherefore,** the Trustee respectfully request that the Court enter an order granting this Motion and approving the Settlement, and that the Court grant such other relief to which he may be justly entitled.

Respectfully submitted,

By: */s/ William L. Medford*
William L. Medford
State Bar No. 00797060
william.medford@lewisbrisbois.com
**Lewis Brisbois Bisgaard & Smith, LLP**
2100 Ross Avenue, Suite 2000
Dallas, Texas 75201
214.722.7107 (Telephone)
214.722.7111 (Facsimile)

**ATTORNEYS FOR THE
CHAPTER 7 TRUSTEE**

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2015, a true and correct copy of this Motion was served on those parties who are registered or otherwise entitled to receive service via the Court's Electronic Filing System.